FILED
SUPERIOR COURT
GUAM

2012 DEC -3 PM 2: 03

CLERK OF COURT
BY

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | **CRIMINAL CASE NO. CM0677-11** |
| vs. | **DECISION AND ORDER** |
| JACK KATNAT WALTER, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed June 5, 2012. Oral arguments were heard on October 8, 2012. Assistant Attorney General James C. Collins, Esq. appeared on behalf of the Government and Assistant Public Defender Suresh Sampath, Esq. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On June 11, 2011, the Government filed a complaint and affidavit to charge Defendant with driving under the influence of alcohol (hereinafter "DUI") and reckless driving. The accompanying affidavit states Defendant was arrested on June 10, 2011 after he was involved in a traffic accident and refused to take a standardized field sobriety test. The affidavit supporting the complaint further alleges that police observed Defendant's eyes to be bloodshot and watery, his breath and person to smell of an intoxicating beverage, and that he admitted to drinking beer.

The affidavit also describes the traffic accident. One witness heard Defendant's tires squeal and saw his car approach at a high rate of speed before it slid across the road, overcorrected multiple times, lost control and hit another vehicle. (Complaint, "Declaration", Jun. 11, 2011.) Another witness saw Defendant's vehicle swerve with smoking tires. *Id.* Defendant told police officers that his brakes gave out and his steering wheel locked. *Id.* Police officers inspected Defendant's car and found that his steering wheel spun freely. *Id.*



On June 11, 2011, Defendant appeared before a Magistrate Judge and was confined subject to a $1,000.00 cash bond. On June 15, 2011, Defendant was arraigned by the Magistrate Judge and released on the basis of a $1,000.00 personal recognizance bond.

On June 5, 2012, Defendant moved to dismiss the complaint on the basis that it lacks the probable cause to believe that he committed an offense. In particular, the Defendant argues the affidavit corroborates his mechanical failure explanation and that his alcohol odor and red, watery eyes alone are insufficient to constitute sufficient probable cause to believe he was impaired more than a prudent, sober person in his circumstances. The Government opposes and argues that the affidavit supports both possibilities of alleged mechanical failure or alleged reckless driving and that the Defendant further admitted that he drank beer.

**DISCUSSION**

**1. Elements of DUI and Reckless Driving**

Under Guam law, a person commits a DUI offense when he operates a motor vehicle while under the influence of alcohol, defined as being impaired to the degree that he cannot drive, "with the caution characteristic of a sober person of ordinary prudence, under the same or similar circumstances." 16 GCA § 18101(a). *See also* 16 GCA §18102(a) and *People v. Manila*, 2005 Guam 6 ¶ 40. Guam law defines reckless driving as follows: "Every person who drives any vehicle upon a highway in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." 16 GCA § 9107(a). *See also Manila*, 2005 Guam 6 at ¶ 40.

In this case, Defendant is charged with DUI and reckless driving based upon allegations he lost control of his vehicle at a high rate of speed, swerved multiple times, hit another vehicle, smelled of alcohol, had bloodshot and watery eyes, and admitted to drinking beer. Defendant contends a mechanical failure caused the collision, but it is also possible that the influence of alcohol impaired his ability to drive with the caution characteristic of a sober person and equally caused him to operate his automobile with a wanton and reckless disregard for the safety of others. Indeed, although Defendant maintained his brakes failed and his steering locked to cause the collision, this claim is disputed by (1) an observer who reported witnessing Defendant

ORIGINAL

able to overcorrect his steering multiple times; and (2) a police officer at the scene of the collision who "checked [Defendant's] steering wheel and found it to spin freely without tension." (Complaint, "Declaration", Jun. 11, 2011.) For probable cause to arrest, police must have "at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information ... sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." *People v. Cundiff*, 2006 Guam 12 ¶ 26, *quoting Beck v. Ohio*, 379 U.S. 89, 91 (1964). The reasonably trustworthy information supporting probable cause in the instant case is the aggregate of the following facts and circumstances: Defendant smelled of alcohol, had bloodshot and watery eyes, admitted to drinking multiple beers, lost control of his vehicle at a high rate of speed, swerved multiple times, and hit another vehicle. (Complaint, "Declaration", Jun. 11, 2011.) Defendant informed police the vehicle collision was caused by his steering wheel seizing or locking up; however, police reported they were able to turn his steering wheel, and an eyewitness reported to police observing Defendant "overcorrect" his steering multiple times, indicating his ability to manipulate the steering wheel.[1] *Id.* The Court finds police possessed sufficient probable cause to arrest Defendant, thus the Court declines to exercise its discretion to dismiss the charges *sua sponte* under 8 GCA § 80.70(c) and 9 GCA § 7.67. *See People v. Perez*, 2004 Guam 4 ¶¶ 8-12.

**2. Probable Cause in the Complaint**

Under Guam law, "where a person is arrested without a warrant...the prosecuting attorney shall file a complaint...and affidavits showing probable cause to believe that an offense has been committed and that the defendant has committed it." 8 GCA § 45.20(a). If the court

---

[1] Police may not disregard facts tending to dissipate probable cause. *U.S. v. Lopez*, 482 F.3d 1067, 1073 (9th Cir.2007). However, here police investigated Defendant's exculpatory claim and found it to be unsubstantiated and controverted by other evidence. Even if evidence at trial later reveals a genuine mechanical failure of Defendant's automobile, this does not invalidate the arrest given sufficient probable cause which existed at the time of arrest. *See Krause v. Bennett*, 887 F.2d 362, 370 (2d Cir.1989)



finds no probable cause to believe that the defendant committed an offense, it must dismiss the complaint and discharge the defendant at or before his first appearance. 8 GCA § 45.20(b).[2]

The judicial review of probable cause was added to 8 GCA § 45.20 in order to satisfy the Fourth Amendment requirement that a judge determine probable cause promptly after a warrantless arrest and as a condition of pretrial detention. *See* 8 GCA § 45.20, NOTE (*citing Gerstein v. Pugh*, 420 U.S. 103 (1975)). This probable cause inquiry is limited to the prevention of unjustified pretrial custody, and

> [t]he perspective taken in *Gerstein* is clearly from the post-arrest position. While an arrest and, therefore, a possibly unconstitutional invasion might be a "fait accompli," the Fourth Amendment's protection extends beyond the initial seizure to continuing detention, and post-arrest review serves to prevent continued violation.

> *U.S. v. Fernandez-Guzman*, 577 F.2d 1093, 1097-1098 (7th Cir. 1978), *cert. denied* 439 U.S. 954 (1978). *See also Gerstein* 420 U.S. at 123 ("The Fourth Amendment probable cause determination is addressed only to pretrial custody.").

For these reasons, a post-arrest complaint that is carelessly drafted without probable cause risks immediate dismissal with the discharge of a defendant and further serves as impeachment evidence in the suppression of an illegal arrest. *Fernandez-Guzman*, 577 F.2d at 1100. *See also* 8 GCA § 45.20(b).

In this case, Defendant was arrested without a warrant and brought before the Magistrate Judge by the complaint and affidavit of the Attorney General. The Magistrate Judge confined Defendant subject to a cash bond of $1,000.00. The Magistrate Judge did not dismiss the complaint or discharge Defendant for the lack of probable cause under 8 GCA 45.20(b). Defendant provides no authority to reconsider the first judicial determination of probable cause for pretrial custody, and the Court is averse to exercise its discretion to do so absent clear error, changed circumstances, or manifest injustice. *See People v. Hualde*, 1999 Guam 3 ¶ 13.

---

[2] Defendant advises dismissal under 8 GCA § 15.20, which is the pre-arrest standard of probable cause to obtain a warrant and does not provide for the dismissal of a complaint. Section 15.20 is not applicable to this case where a complaint based upon a warrantless arrest may be dismissed for the lack of probable cause under 8 GCA § 45.20.

ORIGINAL

The parties do not allege and the Court does not find clear error, changed circumstances or manifest injustice after the Magistrate's decision to confine Defendant. The Magistrate's finding of probable cause that Defendant committed DUI and reckless driving is plausible in light of the allegations that Defendant lost control of his vehicle at a high rate of speed, swerved multiple times, hit another vehicle, smelled of alcohol, had bloodshot and watery eyes, and admitted to drinking beer. *See Hualde*, 1999 Guam 3 at ¶ 16 (*citing U.S. v. Alexander*, 106 F.3d 874, 876-877 (9th Cir. 1997) ("for clear error, we must not reverse as long as the findings are plausible in light of the record viewed in its entirety.")). Furthermore, no manifest injustice results from the Magistrate's decision to confine and later release Defendant under a personal recognizance bond and without a significant restraint on his liberty. *See Gerstein*, 420 U.S. at 114 (*citing* 18 U.S.C. § 3146). For these reasons, the Court shall not reconsider the Magistrate's determination of probable cause and the complaint shall not be dismissed on this basis.

The Court is mindful of the jurisdictional issues which may be raised by a less-than-skillfully drafted criminal complaint. *See e.g. State v. Boyd*, 214 A.2d 1125, 1127 (Conn. 1990) (insufficiency of evidence at a probable cause hearing deprives trial court of personal jurisdiction). However, the Court is not convinced that jurisdiction is lost on the basis of an imperfect complaint when the law holds jurisdiction is not lost even in the event of a warrantless arrest made without sufficient probable cause. *See U.S. v. Crews*, 445 U.S. 463, 474 n. 20, 100 S.Ct. 1244, 1251 n. 20, 63 L.Ed.2d 537 (1980) (an illegal arrest is not a bar to prosecution but it may be effectively foreclosed by excluded evidence). For this reason, the Court shall not dismiss the complaint *sua sponte* for a lack of jurisdiction.

///

///

///

ORIGINAL

## CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby DENIED.

SO ORDERED this _4TH_ day of December, 2012.

_____

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

ORIGINAL

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

DEC 4 2012

James R. Borja
Deputy Clerk, Superior Court of Guam